UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **IAN J. JACKSON, ET AL.** | * | **CIVIL ACTION NO. 11-0524** |
| **VERSUS** | * | **JUDGE DONALD E. WALTER** |
| **LOUISIANA TECH UNIVERSITY, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM ORDER

Before the undersigned magistrate judge, on reference from the District Court, are several motions; they include, 1) a motion to stay discovery [doc. # 51] filed by defendants Danny Tatum, Brenda Gafton, Linda Hanes, Wanda Neeles, and the City Court of Ruston, and joined in by all other defendants; 2) a motion to strike [doc. # 52] the motion to stay discovery filed by plaintiff Ian Jackson; and 3) a motion to compel discovery [doc. # 53] also filed by plaintiff Ian Jackson. For reasons assigned below, defendants' motion to stay discovery [doc. # 51] is GRANTED, and plaintiff's motions to strike and to compel discovery are DENIED.[1]

### Discussion

Defendants seek to stay discovery pending a ruling on their motions to dismiss. Plaintiff seeks to strike defendants' motion on the grounds that the motion is immaterial, impertinent,

---

[1] As these motions are not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

scandalous, and filed in bad faith. Plaintiff contends that because he submitted evidence in connection with his opposition to defendants' motion to dismiss, this necessarily converted defendants' motions to dismiss into motions for summary judgment. Consequently, he concludes that he is entitled to additional discovery, which he seeks, via his motion to compel.

Plaintiff is mistaken. He is not entitled to discovery in order to oppose a motion to dismiss under Rule 12(b)(6). *See Senegal v. Jefferson County*, 1 F.3d 1238 (5th Cir. 1993) (degree of discovery is irrelevant to a 12(b)(6) motion). Furthermore, by separate report and recommendation, the undersigned has recommended that defendants' motions to dismiss be granted, and that plaintiff's complaint be dismissed. *See* Report and Recommendation. In so doing, the undersigned did not rely upon any extrinsic evidence that would necessitate converting the motions to dismiss into motions for summary judgment. *Id*.

Further, when, as here, one or more defendants pleads qualified or absolute immunity, "even limited discovery on the issue of immunity is not appropriate until the district court first determines that the plaintiff's pleadings assert facts, which, if true, would overcome the defense." *Kastner v. Lawrence*, 390 Fed. Appx. 311, 316, 2010 WL 3023304, 3 (5th Cir. July 23, 2010) (internal quotation marks and citation omitted) (unpubl.). Moreover, a plaintiff is not entitled to discovery when his complaint otherwise proves deficient under Rule 8. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1954 (2009).

For the foregoing reasons,

IT IS ORDERED that defendants' motion to stay discovery [doc. # 51] pending resolution of the motions to dismiss is hereby GRANTED.

IT IS FURTHER ORDERED that plaintiffs' motions to strike [doc. # 52] and to compel discovery [doc. # 53] are hereby DENIED.

THUS DONE AND SIGNED, in chambers, at Monroe, Louisiana, this 22nd day of November 2011.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE