# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | | |
|---|---|---|
| IAN J. JACKSON, ET AL. | * | CIVIL ACTION NO.  11-0524 |
| VERSUS | * | JUDGE DONALD E. WALTER |
| LOUISIANA TECH UNIVERSITY, ET AL. | * | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

Before the undersigned magistrate judge, on reference from the District Court, are several motions filed by pro se plaintiff, Ian J. Jackson.  They include 1) a motion to strike the court orders the granted the Louisiana Tech defendants an extension of time to file responsive pleadings [doc. # 24]; 2) a motion for default judgment against the Louisiana Tech defendants [doc. # 25]; 3) a motion to strike [doc. # 35] the motion to dismiss filed by the Louisiana Tech defendants; 4) a motion to stay all proceedings [doc. # 41] pending the court's resolution of plaintiff's motion for default judgment; 5) a motion for leave to amend and/or supplement [doc. # 44] plaintiff's response(s) to defendants' motions to dismiss; and 6) a request for hearing to address defendants' purported failure to properly serve him with copies of filings [doc. # 49]. For reasons assigned below, plaintiff's motion for leave to amend and/or supplement his responses [doc. # 44] is **GRANTED**; plaintiff's remaining motions are **DENIED**.[1]

---

[1]    As these motions are not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

**Background**

On April 1, 2011, plaintiff Ian J. Jackson filed the instant, pro se civil rights complaint against numerous law enforcement officers, agencies, and court personnel affiliated with Louisiana Tech University and the City of Ruston to vindicate his constitutional rights that he contends defendants transgressed in connection with an April 3, 2010, traffic stop and the ensuing prosecution for the precipitating traffic infraction. *See* Complaint.  The named defendants include Ruston City Court Prosecutor Kyle Green; City of Ruston; Ruston City Court Judge, the Honorable Danny W. Tatum; the Ruston City Court; Ruston City Court Clerk of Court Wanda Neeles (incorrectly named in the complaint as "Wander" Neeles; Ruston City Court Deputy Clerk Brenda Gafton; Court Reporter Linda Hanes; Louisiana Tech University; Louisiana Tech University Police Department; Chief of Police Randal Hermes; Assistant Chief of Police Bill Davis; Officer Randy Gay; and Officer Tim Holstead.

On June 1, 2011, plaintiff filed returns of service indicating that he perfected service against all defendants on May 17, 2011.  *See* returns [doc. # 4].  Accordingly, the deadline for defendants to file their responsive pleadings was June 7, 2011.  *See* Fed.R.Civ.P. 12(a)(1) (answer due 21 days after service of the summons and complaint).  On June 6, 2011, defendants, Kyle Green, the City of Ruston, the Honorable Danny W. Tatum, the Ruston City Court, Wanda Neeles, Brenda Gafton, and Linda Hanes, each joined in one of four motions to dismiss for lack of subject matter jurisdiction and/or for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), respectively.  *See* doc. #s 6, 7, 8, & 9.

On Wednesday, June 8, 2011, – one day after the responsive pleading deadline had lapsed, defendants, Louisiana Tech University and Louisiana Tech Police Department, filed a

motion for extension of time to file responsive pleadings.  (M/Extension of Time [doc. # 11]).  In support of the motion, counsel alleged that he only recently had been assigned the case, and had not yet had an opportunity to receive additional file materials or to investigate plaintiff's claims and defenses.  *Id*.  Accordingly, counsel requested a 40 day extension of time to file responsive pleadings.  *Id*.  Counsel further represented that he attempted to contact plaintiff on June 7, 2011, but was unable to reach him.  *Id*.  He stated, however, that for purposes of Local Rule 7.9W, he assumed (correctly, as it turns out), that plaintiff would oppose the motion.  *Id*.[2]  Counsel opined that a 40 day extension of time would not unduly prejudice plaintiff.  *Id*.  The motion included a certificate of service indicating that counsel served plaintiff with a copy of the motion by mailing it to his address of record.  *Id*.

On Monday, June 13, 2011, – six days after the responsive pleading deadline had lapsed – the same attorney who appeared on behalf of the Louisiana Tech defendants, filed a motion for extension of time to file responsive pleadings on behalf of defendants, Randal Hermes, the Louisiana Tech Chief of Police and Bill Davis, the Louisiana Tech Assistant Chief of Police.  (M/Extension of Time [doc. # 12]).  By and large, the motion was identical to the motion that counsel filed a few days earlier on behalf of the Louisiana Tech defendants.  One notable difference between the two, however, was that the motion filed on June 13 did not include a certificate of service, as ostensibly required by Local Rules 5.3 and 5.7.09 and Federal Rule of

---

[2]  Local Rule 7.9 provides that,

[a] motion for continuance or for extension of time shall be accompanied by a certificate by the applicant's attorney that (1) there is or is not opposition to the request; and, if there is opposition, the reasons therefor, or, (2) if neither is obtainable, a statement of the efforts made by the applicant to secure the same.

LR 7.9.

Civil Procedure 5(a)(1)(D).  Typically, the docket clerk assigned to the case will catch this omission, bring it to the attorney or party's attention, and permit the filer to correct the deficiency before the motion is forwarded to the judge for consideration.[3]  In this case, however, the Clerk forwarded the motion to chambers, despite the missing certificate of service.

On Tuesday, June 14, 2011, the undersigned signed orders granting both motions for extensions of time [doc. #s 11 & 12], thereby affording movants an additional 40 days to file responsive pleadings.  (June 14, 2011, Orders [doc.#s 13 & 14]).  Accordingly, following the extension, movants' responsive pleading deadline became July 18, 2011.[4]

On Wednesday, June 15, 2011, – eight days after the original responsive pleading deadline had lapsed – the same attorney who filed the two previous motions for extensions of time, filed a motion for extension of time to file responsive pleadings on behalf of defendants, Officers Randy Gay and Tim Holstead.  (M/Extension of Time [doc. # 15]).  By and large, the motion was identical to the two previous motions.  *Id*.  In fact, like the prior motion, this latest motion did not include a certificate of service.  *Id*.  Later that day, however (likely after having been advised by the docket clerk that he failed to include a certificate of service), counsel re-filed the motion, together with a certificate of service.  (M/Extension of Time [doc. # 16]).

On Thursday, June 16, 2011, the undersigned signed an order granting defendants, Gay and Holstead's motion for extension of time, thereby affording them an additional 40 days to file

---

[3]  *See Guide to Practice*, http://www.lawd.uscourts.gov/Docs/guide.pdf, and discussion, *infra*.

[4]  As stated earlier, defendants' original responsive pleading deadline was June 7.  Forty days from June 7 is July 17.  However, because July 17, 2011, fell on a Sunday, the period automatically was extended until July 18 – the next day that was not a legal holiday or weekend. Fed.R.Civ.P. 6(a)(1).

4

responsive pleadings.  (June 16, 2011, Order [doc. # 17]).  Accordingly, movants' responsive pleading deadline was extended until at least July 18, 2011.  *See* discussion, *supra*.

On July 6, 2011, plaintiff filed a motion to strike [doc. # 24] the three orders that extended the responsive pleading deadline for defendants, Louisiana Tech University, Louisiana Tech University Police Department, Chief of Police Randal Hermes, Assistant Chief Bill Davis, and Officers Randy Gay and Tim Holstead (collectively "Louisiana Tech defendants").

On July 6, 2011, plaintiff also filed a motion for default judgment [doc. # 25] against the Louisiana Tech defendants.  In support of his motion, plaintiff submitted an affidavit wherein he averred, *inter alia*, that defendants never served him with copies of their motions for extensions of time.  (Affidavit of Ian Jackson; M/Default Judg.).

On July 15, 2011, the Louisiana Tech defendants filed a "Motion in Opposition to Strike Order Granting an Extension of Time and in Opposition to Motion for Default."  [doc. # 27].  In this opposition memorandum, the Louisiana Tech defendants perfunctorily asserted that the court's orders should not be stricken, and that plaintiff's motion for entry of default should be set aside.  *Id*.

On July 18, 2011, the Louisiana Tech defendants filed a motion to dismiss [doc. # 29] for lack of subject matter jurisdiction and/or for failure to state a claim upon which relief can be granted.  Fed.R.Civ.P. 12(b)(1) and (6).

On August 8, 2011, plaintiff filed a motion to strike [doc. # 35] defendants' motion to dismiss [doc. # 29].  The Louisiana Tech defendants filed their opposition to the motion to strike on August 15, 2011.

On August 23, 2011, plaintiff filed a motion to stay [doc. # 41] proceedings pending the

court's resolution of his motion for entry of default judgment.  In support of his motion, plaintiff

submitted an affidavit wherein he asserted that he accused the Clerk of Court of conspiring with

the Louisiana Tech defendants to dispose of his motion for entry of default judgment without

having advised him of events and matters related to the motion.  (Aug. 23, 2011, Affidavit of Ian

Jackson; M/Stay [doc. # 43]).

On August 23, 2011, plaintiff also filed a "Motion for Leave to Correct Record and File

Exhibits." [doc.# 44].  By this motion, plaintiff seeks leave to amend his oppositions to

defendants' motions to dismiss by adding title pages, correcting the tables of contents and

authorities, and by submitting additional exhibits comprised of records related to his underlying

prosecution in Ruston City Court.  The motion is unopposed.  Accordingly, plaintiff's motion to

amend [doc. # 44] is **GRANTED**.

On September 1, 2011, the District Court referred all pending motions herein to the

undersigned magistrate judge.  (Sept. 1, 2011, Minute Entry [doc. # 47]).  On September 19,

2011, plaintiff submitted a response wherein he opposed the District Court's referral of the

pending motions.  *See* Pl. Opposition [doc. # 49].  In his submission, plaintiff first complained

that the District Court had not referred all matters for consideration.  *Id*.  He then argued that the

undersigned was biased and prejudiced against him.  *Id*.  Plaintiff also requested oral argument

regarding defendants' failure to serve him with copies of pleadings.  *Id*.

The court will consider the foregoing motions, seriatim.

## Discussion

1)      **Motion to Strike [doc. # 24]**

By this motion, plaintiff seeks to strike, and/or obtain relief from, the court's three orders

of June 14 and 16, 2011 [doc. #s 13, 14, & 17], that extended the responsive pleading deadline for the Louisiana Tech defendants.  Plaintiff raises several arguments in support of his motion. He initially contends that the orders are invalid because they are undated.  Indeed, the dates on the copies of the orders that plaintiff received from the Clerk of Court are obscured by the undersigned's superimposed signature.  *See* Exhs.; M/Strike [doc. # 35-2].  However, the dates *are* visible on the orders that appear in the court's electronic record.  *See* doc. #s 13, 14, & 17. Upon inquiry, the Clerk of Court explained that the discrepancies on the copies that plaintiff received were caused by a malfunctioning printer that has since been replaced.  The Clerk of Court is directed to re-print copies of the orders [doc. #s 13, 14, & 17] and transmit them to plaintiff.

Plaintiff next contends that the Louisiana Tech defendants never filed written motions for extensions of time, but that even if they did, neither they, nor the Clerk of Court served him with copies of the motions.[5]  As detailed above, however, review of the court record confirms that the Louisiana Tech defendants *did* file three written motions for extensions of time.  [doc. #s 11, 12, & 15].[6]  Furthermore, two of the motions were accompanied by certificates of service.  *See* doc. #s 11, 15-16.  Although plaintiff has averred that he did not receive copies of the motions filed by defendants,[7] service by mail under Rule 5(b) service is complete upon mailing.  Fed.R.Civ.P.

---

[5]  It is not the Clerk of Court's responsibility to serve plaintiff with copies of motions or pleadings filed by other parties in the case.  *See generally* Fed.R.Civ.P. 5 and LR 5.7.09.

[6]  At one point, plaintiff argues that because the signed orders contain the word, "Chambers," above the signature line, this indicated that the motions were presented orally in chambers.  Plaintiff is mistaken.  "Chambers" reflects the place where the orders were signed, not where the motions were presented.

[7]  *See* July 6, 2011, Affidavit of Ian Jackson, ¶ 20; [doc. # 25-1].

7

5(b)(2); *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1168 n5 (5th Cir. 1980);

*Vincent v. Consolidated Operating Co.*, 17 F.3d 782, 785 n9 (5th Cir. La. 1994); 1-5 MOORE'S

FEDERAL PRACTICE - CIVIL § 5.04[2][a][ii].  Non-receipt or non-acceptance of the envelope

containing the papers is immaterial.  *See Anthony, supra*.  Of course, the fact that plaintiff did not

receive copies of the motions is an equitable consideration that may support reconsideration of

the court's orders.

Here, however, even if the court were to re-visit the motions for extensions of time, the

court would be compelled to reach the same result.  Rule 6 provides that "[w]hen an act may or

must be done within a specified time, the court may, for good cause, extend the time . . . on

motion made after the time has expired if the party failed to act because of excusable neglect."

Fed.R.Civ.P. 6(b)(1)(B).[8]  The court enjoys wide discretion to grant or deny an extension under

Rule 6(b)(1)(B).  *Mattress Giant Corp., supra* (citation omitted); *see also McCarty v. Thaler*, 376

Fed. Appx. 442 (5th Cir. Apr. 30, 2010) (unpubl.) (extensions of time under Rule 6(b) remain

within the court's discretion).  In assessing whether a party's neglect is excusable, the court

should consider all relevant circumstances including the danger of prejudice to the non-movant,

the length of the delay and its impact on the proceedings, the reason for the delay, and whether

the movant acted in good faith.  *See Miller v. Pikett*, 2010 WL 3489365 (S.D. Tex. Sept. 1, 2010

(citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498

(1993).  Delay alone, however, does not constitute prejudice.  *Lacy v. Sitel Corp.*, 227 F.3d 290,

---

[8]  Federal Rule of Civil Procedure 6(b)(1)(B)  guides the court's consideration of a motion to extend the responsive pleading deadline after the deadline already has lapsed. *Mattress Giant Corp. v. Motor Advertising & Design Inc.*, 2008 WL 898772 (N.D. Tex. March 31, 2008) (citations omitted).

293 (5th Cir. 2000) (discussing prejudice for purposes of setting aside default).  Rather,"plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion."  *Id*. (citation omitted).

In the case *sub judice*, plaintiff has neither alleged nor established cognizable prejudice as a result of the out-of-time extensions obtained by the Louisiana Tech defendants.  All three motions were filed no more than eight days after the original deadline had expired.  Moreover, counsel attributed the delay to the fact that he only recently had been assigned to represent these defendants.  It is not uncommon for defense counsel to seek extensions of time to file responsive pleadings, especially when, as here, they do not receive the case until near the end of the ordinary responsive pleading deadline and they must respond to numerous allegations, as set forth in this lengthy complaint.[9]  Furthermore, a 40 day extension of time is not inordinate.  In other situations, certain defendants are permitted up to 60 days to file responsive pleadings.  *See e.g.,* Fed.R.Civ.P. 4(d)(3) & 12(a)(2).

The court also finds that the Louisiana Tech defendants acted in good faith.  There is no indication that counsel purposefully waited until the responsive pleading deadline lapsed before he filed the motions for extensions of time.  Moreover, he tried to contact plaintiff before filing the motions to discern whether plaintiff opposed them – but was not successful in reaching him.  Thus, counsel represented that he assumed that the motions were opposed.  The court likewise treated the motions as if they were opposed, but nonetheless determined that  defendants were entitled to relief.

Plaintiff protests that because he did not receive notice of the motions he did not have an

---

[9]  The instant complaint is 66 pages long.

9

opportunity to contest the motions before the court considered them.  However, in all of plaintiff's subsequent filings with the court, he has failed to raise any cognizable basis for the court to have denied the motions for extensions of time.  As stated earlier, mere delay does not suffice.

Plaintiff presumably opposes the extensions of time because he hoped to obtain default judgments against the Louisiana Tech defendants.  *See* discussion, *infra*.  It is axiomatic, however, that "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default."  *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (citation omitted).  Moreover, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations."  *Id*.  In this regard, even if plaintiff *had* obtained an *entry* of default against the Louisiana Tech defendants, the court would have been compelled to set it aside.  *See Lacy, supra* (identifying three factors that court should consider in setting aside default); *see also King v. Entergy Operations, Inc.*, 84 Fed. Appx. 470 (5th Cir. Jan. 9, 2004) (characterizing "as patently frivolous," plaintiff's motion seeking a default judgment on the alleged basis that she never received a copy of the court order extending the time for defendants to file their brief).

For the foregoing reasons, plaintiff's motion to strike, and/or relief [doc. # 24] is **DENIED**.

**2)      Motion for Default Judgment Against the Louisiana Tech Defendants [doc. # 25]**

By this motion, plaintiff seeks an entry of default against the Louisiana Tech defendants because of their purported failure to timely file responsive pleadings.  However, the Louisiana Tech defendants successfully petitioned the court for an out-of-time extension to file responsive

pleadings.  *See* discussion, *supra*.  Thereafter, the Louisiana Tech defendants filed their responsive pleading(s) within the extended deadline.  Accordingly, defendants are not in default, and default is not warranted.  *See* Fed.R.Civ.P. 55; *Silvas v. Remington Oil and Gas Corp.*, 109 Fed. Appx. 676 (5th Cir. Sept. 21, 2004) (unpubl.) (affirmed district court's denial of default judgment and granting of out-of-time extension of time to file responsive pleadings).

For the foregoing reasons, plaintiff's motion for default judgment [doc. # 25] is **DENIED**.  Plaintiff's associated request for an evidentiary hearing on his motion for default judgment contained in his August 23, 2011, affidavit [doc. # 43] is **DENIED**, as unnecessary.[10]

**3)    Motion to Strike [doc. # 35]  the Motion to Dismiss Filed by the Louisiana Tech Defendants**

By this motion, plaintiff seeks to strike the motion to dismiss filed by the Louisiana Tech defendants, essentially for the same reasons urged in support of his other motions, i.e., that the

---

[10]  In his August 23, 2011, affidavit, plaintiff also complains that he never received a copy of defendants' response to his motion for default judgment.  (Jackson Aug. 23, 2011, Affidavit [doc. # 43].  Again, however, the response included a certificate of service indicating that counsel served plaintiff with a copy of the response, via U.S. mail.  *See* "Motion in Opposition" [doc. # 27].

To the extent that plaintiff complains that the Clerk of Court failed to notify him that defendants had filed a response, the court reiterates that it is not the Clerk of Court's responsibility to serve plaintiff with copies of filings by other parties.

At other points in the instant record, *see e.g.*, September 13, 2011, letter to the Clerk of Court [doc. # 50], plaintiff complained that the Clerk of Court did not send him copies of his own filings or copies of the docket sheet.  Again, however, the Clerk of Court does not serve parties with copies of documents that they or other parties submit for filing.  Nonetheless, if a filing party submits a duplicate copy, the Clerk of Court will stamp "Received" on it, for that party's own records.

Furthermore, despite what plaintiff alleges, the Clerk of Court stands ready and willing to furnish him a copy of the docket sheet, so long as he pays for the affiliated copy charge.  Plaintiff is further reminded that if he has internet access, he can open a Pacer account at www.pacer.gov, which will permit him to review and print copies of the docket sheet and record documents, for a fee, at his leisure.

motion to dismiss was not timely filed.  The Louisiana Tech defendants, however, filed their motion to dismiss within the applicable deadline, as extended by the court.  *See* discussion, *supra*.  Accordingly, the motion to strike is without merit, and is **DENIED**.  *See Jackson v. State of Louisiana*, Civil Action Number 01-2516 (W.D. La. June 18, 2002, Ruling) (denying plaintiff's motion to dismiss on timeliness grounds defendants' motion to dismiss).

**4)     Motion to Stay [doc. # 41]**

By this motion, plaintiff seeks to stay proceeding pending the court's resolution of his motion for default judgment.  Having denied plaintiff's motion for default judgment, plaintiff's motion to stay [doc. # 41] is **DENIED**, as moot.

**5)     Opposition to Referral of Motions to the Undersigned and Request for Hearing [doc. # 49]**

As recounted earlier herein, plaintiff opposes the district court's referral of certain motions to the undersigned for consideration.  Plaintiff opposes the referral, in part, because the district court did not reference other documents in this case.  Plaintiff may rest assured, however, that the undersigned considered all relevant filings in its resolution of the pending matters. Accordingly, plaintiff's opposition to the referral is **OVERRULED**.

Plaintiff also contests the referral because he contends that the undersigned is biased and prejudiced against him because the undersigned improperly granted the Louisiana Tech defendants an extension of time to file responsive pleadings.  However, as was explained above, the extensions of time were properly granted.  *See* discussion, *supra*.

To the extent that plaintiff's submission may be construed as a motion to recuse the undersigned magistrate judge pursuant to 28 U.S.C. §§ 144 and/or 455, the court observes that, at

a minimum, a motion to recuse under § 144 requires an affidavit establishing that the judge has a *personal*, as opposed to judicial, bias against the party.  *See Knighten v. John*, 115 Fed. Appx. 669 (5th Cir. Oct. 14, 2004) (unpubl.) (citation omitted).  Plaintiff has not made that showing here.  Moreover, the undersigned is not aware of any basis for recusal on the basis of personal bias or prejudice.  *See* 28 U.S.C. § 455.  Indeed, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 1157 (1994).  Accordingly, insofar as plaintiff seeks to recuse the undersigned, the request is **DENIED**.

Plaintiff also requests an oral evidentiary hearing regarding defendants' purported failure to serve him with copies of their filings with the court.  The court addressed the service issue above.  There is no further need for a hearing.  Accordingly, the request for an evidentiary hearing [doc. # 49] is **DENIED**.

<u>Conclusion</u>

For the above-stated reasons,

Plaintiff's motion for leave to amend and/or supplement his responses [doc. # 44] is **GRANTED**; his remaining motions [doc. #s 24, 25, 35, 41, & 49] are DENIED.

IT IS SO ORDERED.

THUS DONE AND SIGNED, in chambers, at Monroe, Louisiana, this 22nd day of November 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE